[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10842
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:07-cr-80106-DMM-1

UNITES STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

DEON DELGUATO ROUNDTREE,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2011)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

    Deon Delguato Roundtree appeals *pro se* from the denial of his 18 U.S.C.

§ 3582(c)(2) motion for reduction in sentence.  On appeal, Roundtree argues that

the district court erred when it concluded that it did not have the authority to reduce his sentence pursuant to Amendment 706 to the Sentencing Guidelines.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court may modify a term of imprisonment when a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A sentence reduction under § 3582(c)(2) is not authorized, however, if none of the amendments to the Sentencing Guidelines are applicable to the defendant. *See* U.S.S.G. § 1B1.10(a)(2)(A). Even if an amendment applies, a sentence reduction is still not authorized if the amendment does not have the effect of lowering the defendant's guidelines range. § 1B1.10(a)(2)(B). Thus, a defendant who is subject to a statutory mandatory minimum sentence is not eligible for a sentence reduction. *See United States v. Williams*, 549 F.3d 1337, 1341–42 (11th Cir. 2008).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in the United States Sentencing Guidelines § 2D1.1(c). U.S.S.G. app. C, amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels

2

for certain crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of March 3, 2008. *See* U.S.S.G. app. C, amend. 713 (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Roundtree was sentenced on January 2, 2008, after Amendment 706 became effective. As he conceded, his guidelines range already incorporated the revision mandated by Amendment 706. It appears that Roundtree filed the motion to reduce his sentence following Amendment 713, not realizing or forgetting that the reduction had already been applied. Because his sentence already incorporated the revisions required, the district court had no authority under § 3582(c)(2) to modify his sentence. Amendment 706 did not subsequently lower his guidelines range, and, therefore, was inapplicable to him. Moreover, as the district court concluded, even if Amendment 706 was applicable to Roundtree, he was still ineligible for a sentence reduction because he was subject to a twenty-year mandatory minimum sentence. *See Williams*, 549 F.3d at 1341–42.

To the extent Roundtree challenges the sentencing disparity between crack cocaine and powder cocaine offenses as a violation of Equal Protection, this argument is outside the scope of a § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (declining to consider defendant's

3

Eight Amendment claim because "such a collateral attack on [a] sentence" should be brought pursuant to 28 U.S.C. § 2255 and not § 3582(c)(2)). Nonetheless, we have held that the sentencing disparity between crack cocaine and powder cocaine offenses does not violate the Equal Protection Clause. *See United States v. Butler*, 102 F.3d 1191, 1194–95 (11th Cir. 1997) (holding that the one hundred to one sentencing disparity between crack cocaine and powder cocaine offenses does not violate a defendant's equal protection rights). Accordingly, we affirm the denial of Roundtree's § 3582(c)(2) motion.

**AFFIRMED.**